**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CR-22-JVB |
| | ) | |
| LAMAR E. SANDERS and | ) | |
| RALPHAEL SCOTT, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the following Motions filed by Defendant Lamar Sanders on May 28, 2008: (1) a Motion for Disclosure of Favorable Evidence [DE 38]; (2) a Motion for a Bill of Particulars [DE 39]; (3) a Motion for Disclosure of Identities of Informants [DE 40]; (4) a Motion for Surveillance Discovery [DE 41]; (5) a Motion for Discovery [DE 42]; (6) a Motion for Immediate Pre-Trial Production of Jenck's Act Material [DE 44]; and (7) a Motion for an Order Requiring the Government to Give Notice of Its Intention to Use Other Crimes, Wrongs, or Acts Evidence [DE 45]. This matter is also before the Court on the following Motions filed by Defendant Lamar Ralphael Scott on June 9, 2008: (1) a Motion for Disclosure of Favorable Evidence [DE 55]; (2) a Motion for a Bill of Particulars [DE 56]; (3) a Motion for Disclosure of Identities of Security Officers [DE 57]; (4) a Motion for Discovery [DE 58]; (5) a Motion for Immediate Pre-Trial Production of Jenck's Act Material [DE 60]; and (6) a Motion for an Order Requiring the Government to Give Notice of Its Intention to Use Other Crimes, Wrongs, or Acts Evidence [DE 61]. On June 6, 2008, the Government filed a Government's Response to Defendant Lamar Sanders' Discovery Motions; and on June 16, 2008, filed a Government's Response to Defendant Ralphael Scott's Discovery Motions.

The two sets of Motions filed by Defendants and the Government's Responses are nearly identical. As a result, the Court considers Defendants' Motions together. The Court will point out any differences between the Motions in its analysis. For the following reasons, the Court grants in part and denies in part Defendants' Motions.

## PROCEDURAL BACKGROUND

Defendants are charged with kidnapping and aiding and abetting. On March 7, 2008, the Court entered an Arraignment Order, ordering the Government to consult with defense counsel and to permit defense counsel to inspect or copy discovery materials and directing the parties to submit a list of witnesses on or before the date of the Final Pre-Trial Conference. The Arraignment Order also provides that in the event the Defendants seek additional discovery or inspection not provided for in the Order, the Defendants should first attempt to confer with the Government to attempt to reach an agreement about additional discovery. Finally, the Arraignment Order directed that among the matters that the parties should be prepared to discuss and consider at the Final Pre-Trial Conference are the following: any anticipated legal or evidentiary problems (e.g. Rule 404(b)); Jencks Act materials; *Brady v. Maryland* materials; expert witnesses; admissibility of prior convictions for impeachment purposes (under Rule 609(b)); *Bruton* problems; *Santiago* problems; and identity of witnesses. The Final Pre-Trial Conference is set for July 9, 2008, and the Jury Trial is set to begin on July 21, 2008.

**ANALYSIS**

The Court will separately analyze each of Defendants' Motions, and the Government's responses thereto.

**A.  Motions for Disclosure of Favorable Evidence**

Defendants request that the Court order the Government to disclose all favorable evidence, as required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). Defendants specifically request disclosure of evidence concerning criminal records; other misconduct or bad acts; immunity, plea agreements, and other benefits; inconsistent or exculpatory statements of witnesses; potential prosecutions; personnel and other files; alcoholism, drug use, psychiatric history, and physical history.

In response, the Government acknowledges its obligations under *Brady* and agrees to fully comply. The Government, however, objects to the extent Defendants' request that it conduct an affirmative investigation to discover evidence, or turn over evidence that it does not have in its possession or does not control. The Government also objects to the requests to the extent that they ask for the production of personnel files of government agents.

While the Government is obligated to turn over favorable evidence to Defendants, *Brady* does not require the disclosure of favorable evidence prior to trial. *See United States v. McPartlin*, 595 F.2d 1321, 1346 (1979). Further, *Brady* requires the Government to turn over only that information known to prosecutors. *See United States v. Moore*, 25 F.3d 563, 569 (7th Cir. 1994) (citations omitted). "[P]rosecutors are not usually required to seek out information which is not in

3

their possession." *United States v. Romo*, 914 F.2d 889, 898 (7th Cir. 1990), *cert. denied*, 498 U.S. 1122 (1991). With regard to information contained in the personnel files of government agents, without a showing that impeaching material is contained in a file, a defendant is not entitled to disclosure. *See United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985).

Here, Defendants' Motions make generic requests for information contained in personnel files. Defendants make no particularized showing as to any need for information contained in a specific personnel file. Thus, Defendants are not entitled to disclosure of any government agents' personnel files and their Motions are denied as to those requests. To the extent that Defendants' requests seek information favorable to the accused which is material to guilt or innocence, their requests are granted, and the Government must act in compliance with the disclosure standards set forth above.

### B.  Motions for Disclosure of Identities of Informants/Security Officers

Defendants next request that the Government be ordered to disclose the identities of informants and witnesses. Defendant Lamar Sanders requests the identities and addresses of any confidential informants, and the contents of any communications made by those informants. Defendant Ralphael Scott requests the identities and addresses of two security officers who were shown photo arrays that included Defendant's picture, and the contents of any communications made by those security officers.

The Government objects to Defendant Sanders' request because it contends that the material requested at this time is privileged. The Government objects to Defendant Scott's request as privileged and outside the scope of material discoverable under Rule 16 of the Federal Rules of Criminal Procedure. The Government represents that it will provide a witness list on the Friday

before trial that will identify any informant who will be called as a witness, and pursuant to the Jencks Act (discussed in more detail below), will produce any statements of those witnesses, and pursuant to *Brady*, will produce related favorable and impeaching material.

The government has a privileged interest in withholding from disclosure the identity of persons who furnish information of violations of law to law enforcement officers. *See Rovario v. United States*, 353 U.S. 53, 59 (1957) (citations omitted). The privilege is intended to further and protect public interest in effective law enforcement. *See id*. It "recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. However, where disclosure of a communication will not reveal the identity of an informer, the contents of the communication are not privileged. *Id*. at 60. Further, where disclosure of an informant's identity, or the contents of an informant's communications, is relevant and helpful to an accused's defense, or is essential to a fair outcome, the privilege must yield. *See id*. at 60-61.

Here, Defendants did not submit particularized arguments as to why disclosure of the informants' identities, addresses, or communications is necessary. Defendant Scott contends that he is entitled to disclosure of the identities, addresses, and communications of the security guards who identified him in a photo array as the person involved in the alleged crime, and who were both present during the alleged crimes. The Court takes under advisement Defendants' requests and sets the Motions for a hearing on Thursday, July 3, 2008, at 10:00 a.m. (C.S.T.), before Magistrate Judge Paul R. Cherry.

### C.  Motion for Surveillance Discovery

Defendant Sanders requests that the Court order the Government to produce any and all information concerning any electronic surveillance used in the investigation of this case.  In response, the Government represents that it has produced all surveillance discovery to Defendant.  The Government further represents that should any additional surveillance evidence arise that the Government determines will be used in its case-in-chief, Defendant will be granted immediate access to that material.  The Court now denies as moot the Motion for Surveillance discovery.

### D.  Motions for Discovery

Defendants next request that the Court order the Government to produce an array of discovery, set forth in twenty separate sub-requests.  The Government represents that with the exceptions of Jencks Act materials, which it will provide in advance of witness testimony, and Rule 16(a)(2) material, which is not subject to disclosure, it has tendered all discovery mandated by Rule 16 and the Court's standing Arraignment Order.

A number of requests for disclosure included in these broad Motions are discussed in other sections of this Opinion and Order.  The requests for materials related to a bill of particulars, 404(b) evidence, Jencks Act materials, *Brady* materials, electronic surveillance, and Government informants are discussed elsewhere and are not considered in this section.  As to the remaining requests for discovery, because the Motions request general categories of material, the Court provides a general response.  To the extent discoverable material that has not already been produced is requested, Defendants' Motions are granted.  To the extent the Motions seek other evidence not discoverable under the Federal Rules of Criminal Procedure, the Motions are denied.

### E.  Motions for Bill of Particulars

Defendants request that the Government be required to provide them with a Bill of Particulars, providing the following information:

1. The dates, times, and places involved and the names and current residence addresses of all those involved in the allegations set forth in each of the counts of the indictment.
2. The name and address of every person relied upon by the prosecution for information as to the offenses alleged in each count of the indictment.
3. The name and address of every person the prosecution expects to call as a witness to prove the offenses charged in the indictment.
4. With respect to any potential prosecution witnesses, co-defendant or co-conspirator, state all charges or convictions against the same, specifically indicating (i) the court, (ii) case number, (iii) the offense charged, and (iv) the disposition.

The Government objects to the Motions and argues that the Indictment clearly explains and sets out the essential elements of the single count against Defendants.  Further, the Government represents that it will tender a list of the witnesses that it intends to call at trial on the Friday prior to trial.

Federal Rule of Criminal Procedure 7(f) provides:

The court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits.  The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).  The decision whether to require a bill of particulars lies within the sound discretion of the trial court.  *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985).  The purposes of a bill of particulars include: (1) allowing a defendant to avoid double jeopardy in the event of a subsequent prosecution for the same offense; (2) avoiding prejudicial surprise at trial; and (3) providing a defendant with

7

information sufficient for him to prepare his defense. *See United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984); *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978).

In *Andrus*, the Court explained, "[I]f the defendant could, from reading the indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the motion [for a bill of particulars] does not prejudice the defendant." 775 F.2d at 843 (citations omitted). A defendant has a constitutional right to know the nature of the offense with which he is charged (i.e., to know the theory of the case) to allow him to prepare a defense and protect his double jeopardy rights, but not to know the details of how the Government will prove its case. *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991); *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

In determining whether to grant a bill of particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Canino*, 949 F.2d at 949; *see also Andrus*, 775 F.2d at 843. In making this determination, a court is not limited to considering only the indictment, the information may be provided to the defendant through "some other satisfactory form." *Canino*, 949 F.2d at 949 (citations and quotations omitted).

In the instant case, the Government charged Defendants in a one-count Indictment. The Indictment alleges:

> On or about the 5th day of January, 2008, in the Northern District of Indiana and elsewhere, LAMAR SANDERS and RALPHAEL SCOTT, defendants herein, being eighteen years of age or older, did willfully and unlawfully kidnap, abduct, seize, confine, carry away, and transport R.E., a child under the age of eighteen, and transport the victim in interstate commerce from Portage, Indiana to Chicago, Illinois, and hold for ransom, reward, or otherwise. All in violation of Title 18 United States Code, Sections 1201 and 2.

In addition to the information contained in the Indictment, Defendants request that the Court order the Government to produce a witness list and related information. Defendants have not

demonstrated to the Court why a bill of particulars producing this requested information is necessary for the preparation of their defenses. Further, Defendants failed to address whether the Government's pretrial disclosures, some sixty-six pages, which were directed by the Court in its Arraignment Order, are insufficient to provide Defendants with the information necessary to prepare a defense. The Government represents that included in the sixty-six pages produced in discovery are the identities of the victim, the victim's mother, and the victim's grandmother, who owns the Chicago currency exchange; the location from which Defendants allegedly kidnapped the victim; and eighteen reports prepared by law enforcement officers of the FBI and Chicago Police Department regarding the investigation.

Having reviewed the relevant standards, the Court finds that the Indictment, combined with the information produced by the Government in discovery, provides Defendants with clear notice of the charge against them. The information in the Indictment and produced in discovery is sufficient information to prepare a defense and to avoid the possibility of surprise. Therefore, the Court denies Defendants' Motions for Bill of Particulars.

### F.  Motions for Immediate Pre-Trial Production of Jenck's Act Material

Again seeking witness information, Defendants request that the Court order the Government to produce all Jencks Act materials regarding testifying and non-testifying witnesses. Specifically, Defendants request that four weeks before trial, the Government be ordered to produce all written statements or a complete and accurate summary of any oral statement of any individual the Government has interviewed and will or will not be called as a witness. In response, the Government objects to the requests and argues that pursuant to statute, it is not required to produce the material requested by Defendants until after a witness has testified on direct examination.

The Jencks Act defines a statement as:

9

> "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a . . . substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however, taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e).  And with respect to witness statements, the Jencks Act provides:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).  Based on the statutory prohibition on disclosure of witness statements prior to the time the witness testifies on direct examination at trial, the Court denies the Motions for Immediate Pre-Trial Production of Jencks Act Material.

### G.  Motions for an Order Requiring the Government to Give Notice of its Intention to Use Other Crimes, Wrongs or Acts Evidence

Defendants request that the Government give notice of its intention to use the following during its case-in-chief, during cross-examination, or in its rebuttal case: (1) evidence of other "crimes, wrongs, or acts" of Defendants, as defined by Federal Rule of Evidence 404(b); and (2) evidence of "specific instances of conduct" of the Defendants, as defined by Federal Rule of Evidence 608(b).  In response, the Government represents that at the final pre-trial conference, it will provide Defendants a list of 404(b) evidence that it intends to offer at trial, if any.

With regard to Defendants' requests for Rule 608(b) evidence, ". . . [D]efendants are not entitled access to any Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16."  *United States v. Perez*, No. 00 CR 211, 2002 WL 1461504, at *12 (N.D. Ill. July 3, 2004); *see also United States v. Kirkwood*, No 06-30064, 2007 WL 605008, at *2 (C.D. Ill. Feb. 22, 2007).  Rule 16 limits the scope of compelled discovery to material that the government intends

10

to introduce during its case-in-chief. *See id.* "By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16." *Id.* Thus, Defendants' requests for production of Rule 608(b) material are denied.

Turning to Defendants' requests for Rule 404(b) materials, Federal Rule of Evidence 404(b) requires in a criminal case that the Government "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Here, the Government represents that it will provide Defendants with a list of 404(b) material, if any, at the final pre-trial conference. Disclosure at the final pre-trial conference, which is scheduled to be held twelve days prior to trial, allows sufficient time for Defendants to analyze the materials.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion for Disclosure of Favorable Evidence [DE 38], the Motion for Disclosure of Favorable Evidence [DE 55], the Motion for Discovery [DE 42], and the Motion for Discovery [DE 58]. The Court **TAKES UNDER CONSIDERATION** the Motion for Disclosure of Identities of Informants [DE 40], and the Motion for Disclosure of Identities of Security Officers [DE 57], and **SETS** the Motions for a hearing on Thursday, July 3, 2008, at 10:00 a.m. (C.S.T.), before Magistrate Judge Paul R. Cherry. The Court **DENIES AS MOOT** the Motion for Surveillance Discovery [DE 41]. The Court **DENIES** the Motion for a Bill of Particulars [DE 39], the Motion for Immediate Pre-Trial Production of Jenck's Act Material [DE 44], the Motion for an Order Requiring the Government to Give Notice of Its Intention to Use Other Crimes, Wrongs, or Acts Evidence [DE 45], the Motion for a Bill of Particulars [DE 56], the Motion for Immediate Pre-Trial Production of Jenck's Act

Material [DE 60], and the Motion for an Order Requiring the Government to Give Notice of Its Intention to Use Other Crimes, Wrongs, or Acts Evidence [DE 61].

So ORDERED this 20th day of June, 2008.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record