**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cause No. 2:08-CR-022-JVB-PRC |
| | ) |
| LAMAR E. SANDERS and | ) |
| RALPHAEL SCOTT, | ) |
| Defendants | ) |

## OPINION AND ORDER

On November 5, 2010, the United States Government appeared by Assistant United States Attorneys Jacqueline L. Jacobs and Susan L. Collins. Defendant Lamar E. Sanders appeared in person and by counsel Jerome T. Flynn and Viniyanka Prasad. Defendant Ralphael Scott appeared not in person but by counsel Lawrence W. Levin.

A contested court hearing was held on the pending Motion for Disqualification of Attorney Levin Due to Actual Conflict of Interest [DE 223], filed October 11, 2010, by Defendant Lamar E. Sanders. The Court received evidence and arguments.

Based upon the record of proceedings the Court **FINDS, ORDERS, ADJUDGES,** and **DECREES**:

## PROCEDURAL BACKGROUND

1. Defendant Lamar E. Sanders and Defendant Ralphael Scott are charged as co-defendants with having committed felony crimes, first on January 7, 2008, by Criminal Complaint, later on March 5, 2008, by Indictment, and ultimately on July 2, 2008, by Superseding Indictment.

2. Co-Defendants Lamar Sanders and Ralphael Scott are charged in two counts with Kidnapping (Count I) and Extortion (Count II); there is no conspiracy charge.

3.      On January 10, 2008, attorney Michelle M. Ferrigan filed her Appearance on behalf of Defendant Sanders and, on the same date, attorney Lawrence W. Levin, of the same law firm, filed an Appearance on behalf of Defendant Scott.

4.      On May 9, 2008, a Federal Rule of Criminal Procedure 44(c) Inquiry Hearing was held at which all parties were present, including Defendant Sanders with his then-attorney, Michelle M. Ferrigan, and Defendant Scott with his attorney, Lawrence W. Levin. Both Defendant Sanders and Defendant Scott waived any potential attorney representation conflict.

5.      On November 5, 2008, attorney Steven M. Wagner filed his Appearance on behalf of Defendant Sanders; the next day, attorney Michelle M. Ferrigan filed a Motion To Withdraw as attorney for Defendant Sanders; and the following day, November 7, 2008, the Court issued an Order granting that Motion.

6.      On May 18, 2010, Defendant Scott, who is represented by attorney Lawrence W. Levin, filed a written plea agreement and pled guilty, without a trial, to Count II of the Superseding Indictment. He has not yet been sentenced upon that conviction.

7.      On June 7, 2010, attorney Steven M. Wagner orally moved to withdraw as attorney of record for Defendant Sanders, which oral motion was granted by the Court the same day; on that day, attorney Jerome M. Flynn filed an Appearance on behalf of Defendant Sanders.

8.      On October 11, 2010, Defendant Sanders filed his Motion for Disqualification of Attorney Levin Due to Actual Conflict of Interest [DE 223].

9.      On October 21, 2010, the U.S. Government filed its Government's Memorandum in Response to Defendant's Motion To Disqualify [DE 224], objecting to Defendant Sanders' Motion.

10.     On October 22, 2010, Defendant Sanders filed his Defendant's Reply to the Government's

Response Memorandum on the Defendant's Motion to Disqualify [DE 225].

## FINDINGS OF FACT

11.    At all relevant times, attorneys Michelle M. Ferrigan and Lawrence W. Levin were attorneys practicing law in the same law firm; Attorney Levin as a managing partner and Attorney Ferrigan as an associate.

12.    Attorney Lawrence W. Levin has solely represented Defendant Scott during the entire history of this court case; Attorney Michelle M. Ferrigan represented Defendant Sanders for approximately the first ten (10) months of this court case from January 10, 2008, through November 7, 2008.

13.    At all relevant times, attorneys Michelle M. Ferrigan and Lawrence W. Levin maintained separate office files for each of their respective clients, they did not have access to the other's office files in this matter, and they did not discuss matters of this case between them.

14.    The May 9, 2008, Federal Rule of Criminal Procedure 44(c) Inquiry Hearing was held during the time period when attorney Michelle M. Ferrigan was representing Defendant Sanders.

15.    A copy of the Court Reporter's transcription of the proceedings at the Rule 44(c) Inquiry Hearing is attached and is incorporated by reference herein.

16.    At the Rule 44(c) Inquiry Hearing, both co-defendants, Sanders and Scott, stated that:

    a.    they understood that attorneys Michelle M. Ferrigan and Lawrence W. Levin practice law in the same law firm;

    b.    each of them is entitled to full, independent, and individual legal representation by an attorney;

    c.    there was a possibility that eventually one of them could decide to testify against the

other at trial;

    d.      one of the attorneys could possibly learn information from some source that could be used against the other at trial;

    e.      they each had the right to choose to be represented by different attorneys not associated in the practice of law;

    f.      they each felt comfortable with attorneys Ferrigan and Levin continuing to represent them;

    g.      they each individually perceived no actual conflict; and

    h.      they each waived any objection to attorneys Ferrigan and Levin continuing to represent them.

17.    At some point in time unknown to the Court, Defendant Scott decided to testify against Defendant Sanders at Sanders' yet-to-be-held trial. Defendant Scott filed a plea agreement not expressly providing that he will testify against Sanders but agreeing to "testify truthfully . . . at any future criminal trials." Defendant Scott has pled guilty and is awaiting sentencing.

18.    For two (2) years and nine (9) months, Defendant Sanders made no objection to attorney Lawrence W. Levin continuing to represent Defendant Scott, until Sanders filed his October 11, 2010, Motion.

19.    Defendant Sanders' October 11, 2010, Motion constitutes a revocation of his May 9, 2008, waiver of any objection.

20.    Both Defendant Scott and the U.S. Government oppose Defendant Sanders' October 11, 2010, Motion; both wish for attorney Lawrence W. Levin to continue to represent Scott in this case.

21.    The *sole* basis of Defendant Sanders' objection is that attorneys Lawrence W. Levin and

Michelle M. Ferrigan practiced law together in the same law firm while, for a time in 2008, they each separately represented a co-defendant in this case.

22. Defendant Sanders does not point to *any* specific prejudicial information, knowledge, or tactic that Defendant Scott may have acquired as a result of attorney Lawrence W. Levin representing him that could adversely affect Sanders in any way.

23. If Defendant Scott testifies against Defendant Sanders at Sanders' trial, Scott's attorney Lawrence W. Levin will not question Scott nor even participate in the trial; of course, at Sanders' trial, Sanders' own attorney will have the opportunity to fully cross-examine Scott.

24. Defendant Scott has had one attorney of record in this case, Lawrence W. Levin, who remains his attorney. Defendant Sanders has had three successive attorneys of record, the second and third of whom have no past or present association with Attorney Lawrence W. Levin or Attorney Michelle M. Ferrigan.

25. This is not a case in which the same attorney presently represents two (2) co-defendants nor a case in which a co-defendant testifies against a co-conspirator at trial.

## STANDARD OF REVIEW

26. The trial court's decision on disqualification of an attorney is given significant weight. "The evaluation of the facts and circumstances of each case under this standard (that the presumption of counsel of choice may be overcome by showing of serious potential for conflict) must be left primarily to the informed judgment of the trial court." *Wheat v. United States*, 486 U.S. 153, 164 (1988).

## ANALYSIS

27. The relief requested in Defendant Lamar Sanders' October 11, 2010, Motion, that Defendant Ralphael Scott's attorney be disqualified, is in conflict with Scott's Sixth Amendment

constitutional right to counsel of his choice.

28.　　In this case, the Court balances the qualified right of Defendant Scott to be represented by an attorney of his choice against the interest of Defendant Sanders in having Scott's attorney disqualified.

29.　　The Indiana Rules of Professional Conduct are applicable to attorneys practicing law in this Court according to local court rule.  N.D. Ind. L.R. 83.5(f).

30.　　The Indiana Rules of Professional Conduct provide:

> A lawyer shall not knowingly represent a person in the same or substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
> (1) whose interests are materially adverse to that person; and
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;
> unless the former client gives informed consent, confirmed in writing.

Ind. R. Prof'l Conduct 1.9(b).

31.　　Although in this case Defendant Scott's interests are materially adverse to Defendant Sanders' interests, Sanders' argument fails on the second prong of Indiana Rules of Professional Conduct 1.9(b) because there is no basis or showing that Scott or his attorney Lawrence W. Levin in fact actually acquired any protected information about Sanders.

32.　　The Indiana Rules of Professional Conduct also provide:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so . . . .

Ind. R. Prof'l Conduct 1.10(a).  By this Rule, Attorney Michelle M. Ferrigan's knowledge about Defendant Sanders is imputed to Scott's attorney, Lawrence W. Levin.

33.　　This Rule does not apply in this case, however, because the Indiana Rules of Professional

Conduct provide an exception if associated attorneys "screen" the matter under Indiana Rules of Professional Conduct 1.0(k) and Comments 8, 9, and 10.

34. The Seventh Circuit Court of Appeals has accepted screening as a method of remedying conflict by having a screened attorney conduct cross-examination of a witness who had previously been represented by the law firm. *See, e.g., United States v. Dalke,* No. 02 CR 50078-5, 2003 U.S. Dist. LEXIS 5148, at *8 (N.D. Ill., April 1, 2003)(citing *United States v. Britton*, 289 F. 3d 976, 983 (7th Cir. 2002)).

35. Over two (2) years ago when attorney Michelle M. Ferrigan represented Defendant Sanders for a time, she and co-Defendant Scott's attorney Lawrence W. Levin implemented screening methods to protect confidential information in this case.

36. The fact situation in this case does not even involve *any* cross-examination of Scott by attorney Lawrence W. Levin or any other attorney from his law firm; the cross-examination of Scott will be by Sanders' own attorney.

37. Defendant Scott will still testify against Defendant Sanders at Sanders' trial regardless of whether or not the Court disqualifies Scott's attorney.

38. Evaluating whether or not a conflict of interest exists in a matter such as this is in the sound discretion of the trial court. *Wheat,* 486 U.S. at 164. There is a presumption in favor of each defendant's right to counsel of his choice. *Id.* When confronted with a conflict of interest allegation, the Court must decide whether there is an actual conflict of interest or a serious potential for conflict such that the defendant will be denied his Sixth Amendment right to counsel. *Id.*

39. Although the possibility of conflicting interests exists in nearly all cases with joint representation, the Court should not disqualify a defendant's attorney of choice based upon

the mere possibility of conflict. *United States v. Turner*, 594 F.3d 946, 955 (7th Cir. 2010).

40.     Permitting a single attorney to represent co-defendants in a criminal case is not a *per se* violation of the defendant's right to the effective assistance of counsel. *Id.* (citing *Wheat*, 486 U.S. at 159-160).

41.     Here there is no actual, concrete factual basis showing that Defendant Scott may have some specific information, knowledge, or tactic that would itself be prejudicial to Defendant Sanders in Sanders' trial.

42.     Here there is no showing of actual conflict nor a serious potential for conflict if Defendant Scott testifies at Defendant Sanders' trial while Scott's attorney Lawrence W. Levin continues to represent Scott in this case.

43.     Defendant Scott's right in continuing to be represented by the attorney of his choice outweighs co-Defendant Sanders' interest in having Scott's attorney disqualified under the circumstances of this case.

## CONCLUSION

44.     Accordingly, the Motion for Disqualification of Attorney Levin Due to Actual Conflict of Interest [DE 223], filed by Defendant Lamar E. Sanders on October 11, 2010, is hereby **DENIED**.

       So **ORDERED** this 22nd day of November, 2010.

                        /s/ Paul R. Cherry
                        Paul R. Cherry
                        Magistrate Judge
                        United States District Court
                        Northern District of Indiana

cc:     Jacqueline L. Jacobs and Susan E. Collins, Attorneys for the

United States Government
Jerome T. Flynn and Viniyanka Prasad, Attorneys for Defendant
Lamar E. Sanders
Lawrence W. Levin, Attorney for Defendant Ralphael Scott