# United States District Court
## Northern District of Indiana
## Hammond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:08-CR-22 JVB |
| | ) | |
| LAMAR E. SANDERS | ) | |

## OPINION AND ORDER

This matter is before the Court on the Government's motions in limine (DE 186) and

Defendant's response (DE 235).  The Court heard oral argument on the motions on January 13,

2011.[1]

## A.    Mandatory Minimum and Maximum Penalties Cooperating Witness Faces.

The Government first seeks to limit what the jury will hear about the benefits co-

defendant Ralphael Scott will receive under his plea agreement in exchange for his testimony.

According to the Government, the jury will hear that Scott is cooperating and that the

government agreed to file a motion recommending a sentence commensurate with his level of

cooperation, that the kidnaping charge will be dismissed, and that allowing him to plead guilty to

extortion affecting interstate commerce will result in a sentence that is substantially less than

what he originally faced.  The Government wants to exclude questioning about the specific

mandatory minimum or maximum statutory penalties for kidnaping and extortion, or about the

specific guideline sentencing ranges Scott faced in the indictment as compared to the count to

---

[1]The Court initially denied the motions without prejudice because they were untimely filed, without a showing of good cause for the untimeliness (DE 196).  The Government has since demonstrated good cause for the delinquency.  Moreover, the continuance of the trial made the untimeliness harmless.  Accordingly, the Court will rule on the merits of the motions.

which he is pleading guilty, because it will have the effect of informing the jury as to the potential penalties the Defendant faces.

Defendant responds that the jury should know about the "dramatic and exceptional" benefits Scott is receiving. The kidnaping charge carries a mandatory minimum of twenty years and a maximum of life, while the extortion charge carries a statutory maximum of twenty years. The Defendant represents in his response to the motion that he does not intend to inquire about sentencing guidelines ranges.

The Government has cited *United States v. Arocho*, 305 F.3d 627, 635–37 (7th Cir. 2002), in support of its argument. That case held that it was not an abuse of discretion to limit cross-examination as the Government requests. However, in this case the Court will exercise its discretion in favor of allowing Defendant to explore Scott's possible motive for fabricating his testimony by inquiring about the difference in the penalties he faced before and after his plea agreement. Any danger that the jury might consider the Defendant's possible punishment in determining his guilt or innocence can be cured by a limiting instruction. Accordingly, the Government's motion in limine is DENIED with respect to cross-examination on Scott's potential statutory penalties for kidnaping and for extortion.

**B.     Evidence of Prior Convictions.**

The Government also requests an order in limine precluding the defense from asking about specific details of witnesses' prior convictions unless they deny the conviction. The Governnment asks that in that event the parties be required to approach the bench for limiting instructions based on any need to balance the potential prejudice with the probative value of the

information.  At oral argument the parties informed the Court that their only area of disagreement regarding evidence of witnesses' prior convictions pertains to Timika Nobles.

Defendant agrees that for impeachment purposes under Federal Rule of Evidence 609, evidence about prior convictions should be limited to the crime charged, the date, and the disposition.  However, he points out that the substance of prior crimes may be presented to the jury for other purposes. He will attempt to show that Timika Nobles was in on the plot to kidnap her daughter as a means of extorting money from her mother, the owner of the currency exchange that was the target of the crimes with which Defendant is charged, and where Nobles was employed.  Defendant plans to cross-examine her about her felony conviction for forgery and theft.  This conviction involved theft from a different currency exchange where Nobles was an employee.  Defendant claims that evidence that this crime involved theft from a currency exchange will contradict the Government's assertion that she was not involved in the crimes of which Sanders is accused and is relevant to her credibility and motive.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to show action in conformity therewith, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity. The Defendant has not convinced the Court that this evidence is offered for any purpose other than to suggest that because Nobles stole from one currency exchange, she was involved in the plot to steal from this currency exchange.  Accordingly, the Government's motion to limit cross-examination as to prior crimes of this witness to the crime charged, the date, and the disposition is GRANTED for the present.

**C.** **Summary of Rulings.**

 The Government's motion in limine  is DENIED with respect to cross-examination on

Scott's potential statutory penalties for kidnaping and for extortion. The Government's motion to

limit cross-examination as to prior crimes of Timika Nobles to the crime charged, the date, and

the disposition is GRANTED.  Any other issues raised by the Government's motion in limine

have been withdrawn by agreement of the parties and are DENIED AS MOOT.


SO ORDERED on Janurary 14, 2011.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge