UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:08-CR-22-JVB-APR |
| ) | |
| LAMAR E. SANDERS, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for a Reduction of Sentence [DE 361] filed by Defendant Lamar E. Sanders on April 18, 2024. Sanders seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) and United States Sentencing Guidelines Amendment 814. The Government responded on July 25, 2024, and Sanders replied on August 19, 2024.

## BACKGROUND

On January 24, 2011, a jury found Sanders guilty of the counts of kidnapping and extortion charged in the superseding indictment. At sentencing, Sanders was committed to the custody of the Bureau of Prisons for a total term of 300 months incarceration with a 5-year term of supervised release to follow. Sanders appealed, and the Seventh Circuit Court of Appeals affirmed. He is currently incarcerated at FCI Thomson in Illinois.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court may grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

Recently, the Sentencing Commission adopted amendments to its compassionate release guidance, including Amendment 814, which provides that, for a defendant who received an "unusually long sentence" and who has served at least 10 years of their sentence, a change in the law "may be considered in determining whether the defendant presents an extraordinary and compelling reason." U.S. Sent'g Guidelines § 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023).

Sanders contends that compassionate release is appropriate. Specifically, he argues that his sentence should be reduced from 25 years to 20 years (though he admits he would not turn down immediate release if it were offered to him). The Government counters that Sanders has not exhausted his administrative remedies and has also failed to present an extraordinary and compelling reason that warrants compassionate release.

### A. Exhaustion of Administrative Remedies

Section 3582(c)(1)(A) allows an incarcerated person to move for compassionate release on their own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Exhaustion is achieved if the incarcerated person presents "the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The requirement to exhaust administrative remedies before petitioning the Court for compassionate release is a mandatory claim-processing rule, meaning that the Court must enforce the rule if the Government properly invokes it, as has been done here. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The Government contends that Sanders has not asked the warden to file a motion on his behalf on his Amendment 814 argument. In support, the Government submits email messages

2

exchanged with the Bureau of Prisons in which Bureau of Prisons personnel indicate that Sanders has not petitioned the warden at FCI Thomson for compassionate release. *See* (Supp. Resp., ECF No. 372). Sanders, in reply, submits a signed and completed "Inmate Request for Compassionate Release/RIS Consideration Form" dated February 5, 2024, in which Sanders requests consideration of compassionate release, in part, on the basis of "a change in the [*sic*] that invalidated my mandatory minimum." (Rep. Ex. A, ECF No. 373-1). Sanders also submits the warden's response dated August 7, 2024. (Rep. Ex. B, ECF No. 373-2). Thus, it appears that on the date Sanders filed his motion with the Court, more than 30 days had elapsed from the date Sanders submitted his request to the warden. Accordingly, the Court finds that Sanders satisfied the exhaustion requirement. The Court next turns to the merits of Sanders's request.

### B. Extraordinary and Compelling Reason

The Court first addresses a few matters (Sanders's remorse, Sanders's increased maturity during his incarceration, and the coronavirus pandemic) that Sanders raises in his motion, though Sanders clarifies in his reply that he does not contend that any one of them, alone, constitutes an "extraordinary and compelling" reason.

First, the Court has previously decided that Sanders' remorse for his actions and work to improve himself during his incarceration are not extraordinary and compelling reasons for compassionate release. *See* (Op. & Order, ECF No. 355). The Court's previous reasoning still applies to Sanders's arguments raised again in the instant motion. Sanders also argues that the sixteen years that have elapsed since he began his sentence are factors in favor of compassionate release. However, the passage of time occurs during every sentence as it is served; it is neither extraordinary nor compelling. Similarly, the Bureau of Prison's response to the coronavirus pandemic as a whole, without any particular argument about Sanders being at any heightened risk

from that virus, does not satisfy the Sentencing Commission's relevant guidance on the matter. *See* U.S. Sent'g Guidelines § 1B1.13(b)(1)(D) (U.S. Sent'g Comm'n 2023).

That leaves Sanders's new argument that he is serving an "unusually long sentence," which Amendment 814 to the sentencing guidelines deems an extraordinary and compelling reason if certain criteria are met. United States Sentencing Guideline § 1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Thus, one of the necessary criteria for Sanders to qualify for relief under this provision is that there must be a "gross disparity" between the sentence he received and the sentence he would likely receive if he were to be sentenced now. As the Court will explain, there is no gross disparity.

The Court compares the sentence Sanders received—25 years—to the likely sentence Sanders would receive if he were to be sentenced under the state of the law when Sanders filed his motion earlier this year. Currently, the federal kidnapping statute requires a mandatory minimum sentence of 20 years if the kidnapping victim is a minor and the kidnapper is neither a minor nor a close relative or legal custodian of the victim. 18 U.S.C. § 1201(g). Sanders admits he was 30 years old and not a minor when he committed the offenses at issue. (Mot. 7, ECF No. 361). Also, there is no reason to believe Sanders is a close relative or legal custodian of his victim. Sanders spent significant effort trying to suppress his victims' identification of him by challenging the procedures used (involving informal and formal photo arrays) as unnecessarily suggestive *See United States v. Sanders*, 708 F.3d 976, 982 (7th Cir. 2013) (rejecting the challenge and affirming Sanders's convictions). It is extremely unlikely that the minor victim would need photo arrays to identify her close relative or legal guardian.

4

It has never been genuinely disputed that there was a minor victim of the kidnapping. At trial, the minor victim's mother testified to the victim's birthdate and age (ten years old) at the time of the kidnapping. (Trial Tr. 383:1-12, ECF No. 281). In the sentencing memorandum, Sanders's own counsel called the victim a minor.[1] (Sent'g Mem. 14, ECF No. 293). Sanders identifies a change in the law: under *Alleyne v. United States*, 570 U.S. 99, 103 (2013), if Sanders were to be tried in 2024, the jury would have to find beyond a reasonable doubt that the victim was a minor. Still, all indications are that it would have been simple for the prosecution to convince the jury of this fact. Sanders also asserts that his kidnapping offense is not a crime of violence so the mandatory minimum sentence he received under 18 U.S.C. § 3559(f)(2) does not apply, an argument that the Court accepts for the purpose of resolving this motion.

Due to the mandatory minimum in § 1201, Sanders would have received a sentence no shorter than 20 years if he had been sentenced in 2024 instead of in 2011. Though five years is not insignificant, the difference between 25 years and 20 years is not a *gross* disparity. Additionally, Sanders's likely sentence could possibly be even higher based on all the relevant factors, *see* 18 U.S.C. § 3553(a), making the disparity between the sentences smaller still or even nonexistent. The Court need not wade into those waters, however, because even at the maximum difference of five years, there is no "gross disparity" between the sentences. And, with no gross disparity, Sanders fails to show that there is an "unusually long sentence" that the United States Sentencing Guidelines consider to be an "extraordinary and compelling reason" for compassionate release, so the Court denies Sanders's motion.

---

[1] The mandatory minimum sentence Sanders received, found at 18 U.S.C. § 3559(f)(2), required the victim to be a minor, so it is reasonable to assume that Sanders's counsel would have argued the point if there were facts to support the victim having reached her majority before the kidnapping occurred.

## CONCLUSION

Based on the above, the Court hereby **DENIES** Defendant's Motion for a Reduction of Sentence [DE 361].

SO ORDERED on August 23, 2024.

                                              s/ Joseph S. Van Bokkelen
                                              JOSEPH S. VAN BOKKELEN, JUDGE
                                              UNITED STATES DISTRICT COURT